IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERRILL LYNCH, PIERCE, FENNER : 
& SMITH INCORPORATED, :
:
:
:
:
        Plaintiff, :
:
v. :   CASE NO: 1:08-cv-00957
:
JINESH BRAHMBHATT, :
DARSHAN MAKIM :
:
        Defendants. :

## ORDER

**AND NOW**, this 6th day of June 2008, upon consent of the parties, it is hereby **ORDERED** that:

1.    Defendants Jinesh Brahmbhatt ("Brahmbhatt") and Darshan Makim ("Makim") (sometimes referred to collectively as "Defendants") are immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of LPL Financial Corporation ("LPL") from:

    a)    soliciting or initiating any further contact or communication with, either directly or indirectly, any account, customer or client whom Brahmbhatt and/or Makim served or whose name became known to Brahmbhatt and/or Makim during their employment at Merrill Lynch (excluding Brahmbhatt's and/or Makim's family and relatives). This prohibition does not prohibit a current Merrill Lynch customer from transferring his or her account(s) to Brahmbhatt,

Makim or LPL, or prohibit customers from initiating contact with Brahmbhatt, Makim or LPL;

b) using or disclosing any Merrill Lynch customer information, whether in original or copied form, for any purpose;

c) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Brahmbhatt's and/or Makim's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch clients whom Brahmbhatt and/or Makim served or whose names became known to Brahmbhatt and/or Makim while employed by Merrill Lynch, or which relate to any of the events alleged in the Complaint in this action.

2. Brahmbhatt and/or Makim, and anyone acting in concert or participation with Brahmbhatt and/or Makim, specifically including defendants' counsel and any agent, employee, officer or representative of LPL, are further ordered to return to Merrill Lynch's Washington, D.C. office any and all records, documents and/or information pertaining to Merrill Lynch customers ("Customer Information") whether in original, copied, computerized, handwritten or any other form, and to purge any and all such information from their possession, custody, or control within 24 hours of execution of this Order by the Court, provided, however, that any information so purged shall be printed prior to purging and be returned to Merrill Lynch pursuant to this paragraph and consistent with paragraph (1)(c) above.

3. Any and all Customer Information within the possession, custody or control of

Brahmbhatt and/or Makim that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 2 above shall be permanently deleted by a Merrill Lynch representative. All Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer or storage device.

4. Defendants' counsel shall immediately take possession of all computer software, disks, computer hard drives, and/or any other type of computer or digital information storage device containing Customer Information. Within 24 hours of execution of this Order by the Court, Defendants' counsel shall produce all computer software, disks, computer hard drives, and/or any other type of computer or digital information storage device containing Customer Information to Merrill Lynch's Washington, D.C. office. Brahmbhatt and Makim, and anyone acting in concert with them, including defendants' counsel and any agent, employee, officer or representative of LPL, are further precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph, returned to Merrill Lynch or purged pursuant to paragraphs 2 or 3 above.

5. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 13804 of the NASD Code of Arbitration Procedure.

_____
District Judge, United States District Court
For the District of Columbia

6 June 2008
11:50 A.M.

3

Approved as to form:

Andrew J. Sherman
Dickstein Shapiro LLP
1825 I Street N.W.
Washington, DC 20006
(ph) 202-420-5000
(fax) 202-420-2201
ShermanA@docksteinshapiro.com

Counsel for Defendants Jinesh Brahmbhatt
and Darshan Makim

Robert T. Shaffer, III
(Bar No. 04074)
Murphy & Shaffer LLC
36 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
(410) 783-7000 (voice)
(410) 783-8823 (fax)
Rshaffer@murphyshaffer.com

Counsel for Plaintiff Merrill Lynch Pierce Fenner & Smith Incorporated